**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Melissa Marie McIntosh, individual and natural parent and guardian of minor A.T.H., <br><br> Plaintiff <br><br> v. <br><br> Clark County School District, et al., <br><br> Defendants | 2:17-cv-00490-JAD-NJK <br><br> **Order Granting Dismissal in Part and Denying in Part** <br><br> [ECF No. 5] |

  Melissa McIntosh's son was attacked in the locker room by another student at Faiss Middle School. The attacker was known to be violent, so McIntosh sues Clark County School District (CCSD), the superintendent, and the principal, vice-principal, and a P.E. teacher at Faiss Middle School for negligence and civil-rights violations for failing to protect her son. Defendants move to dismiss, arguing that McIntosh has not pled sufficient facts to support the elements of each claim, that they are immune from suit under § 1983, and that the Paul D. Coverdell Teacher Protection Act protects them from negligence actions. I find that, as pled: (1) McIntosh overcomes the Coverdell Act; (2) there are not enough facts for me to determine whether defendants enjoy qualified immunity from the § 1983 claim; and (3) McIntosh's complaint fails to state either a § 1983 or negligence per se claim. So, I grant the motion in part and give McIntosh leave to amend her complaint if she can plead true facts to cure the deficiencies in her claims. I also deny the motion in part because McIntosh has pled a plausible common-law negligence claim.

**Background**

  Sixth-grader A.T.H. was attacked by another student at Faiss Middle School when he was changing clothes in the locker room.[1] The attacker had a history of violence towards other

---

[1] ECF No. 1 at 10, ¶ 14. These background facts—which I must take as true for purposes of this motion—are taken from the complaint and are not intended as any finding of fact.

students and was not assigned to a locker within view of the coaches' office.[2]  A.T.H. was attacked outside of adult supervision and sustained serious injury.[3]  The school told McIntosh that her son's attacker had been removed from school, but when A.T.H. returned to school, the attacker was still there.[4]  McIntosh sues CCSD, the superintendent, and the principal, vice-principal, and a P.E. teacher at Faiss Middle School for failing to protect her son from violence at school.

## Discussion

### A.  Motion-to-dismiss standard

Federal Rule of Civil Procedure 8 requires every complaint to contain "[a] short and plain statement of the claim showing that the pleader is entitled to relief."[5]  While Rule 8 does not require detailed factual allegations, the properly pled claim must contain enough facts to "state a claim to relief that is plausible on its face."[6]  This "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"; the facts alleged must raise the claim "above the speculative level."[7]  In other words, a complaint must make direct or inferential allegations about "all the material elements necessary to sustain recovery under *some* viable legal theory."[8]

District courts employ a two-step approach when evaluating a complaint's sufficiency on a Rule 12(b)(6) motion to dismiss.  First, the court must accept as true all well-pled factual

---

[2] *Id.* at 10, ¶¶ 15, 20.

[3] *Id.* at 11, ¶¶ 19, 22.

[4] *Id.* at 11, ¶ 24.

[5] Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

[6] *Twombly*, 550 U.S. at 570.

[7] *Iqbal*, 556 U.S. at 678.

[8] *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1989)) (emphasis in original).

allegations in the complaint, recognizing that legal conclusions are "not entitled to the assumption of truth."[9] Mere recitals of a claim's elements, supported only by conclusory statements, are insufficient.[10] Second, the court must consider whether the well-pled factual allegations state a plausible claim for relief.[11] A claim is facially plausible when the complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct.[12] A complaint that does not permit the court to infer more than the mere possibility of misconduct has "alleged—but not shown—that the pleader is entitled to relief," and it must be dismissed.[13]

**B.     Negligence claim**

McIntosh asserts two negligence theories against the defendants—common-law negligence and negligence per se—but she pleads enough facts to sufficiently support only the common-law claim.

   *1.     Common-law negligence is sufficiently pled.*

"To prevail on a negligence theory, a plaintiff must generally show that: (1) the defendant owed a duty of care to the plaintiff; (2) the defendant breached that duty; (3) the breach was the legal cause of the plaintiff's injury; and (4) the plaintiff suffered damages."[14] "[N]o duty is owed to control the dangerous conduct of another or to warn others of the dangerous conduct" unless a special relationship exists between the defendant and the victim and the harm created by the

---

[9] *Iqbal*, 556 U.S. at 678–79.

[10] *Id.*

[11] *Id.* at 679.

[12] *Id.*

[13] *Twombly*, 550 U.S. at 570.

[14] *Scialabba v. Brandise Const. Co.*, 921 P.2d 928, 930 (Nev. 1996).

defendant's conduct is foreseeable.[15] Under Nevada common law, a special relationship exists between teacher and student.[16]

Reading McIntosh's pleadings in the light most favorable to her and accepting all allegations as true, I find that McIntosh has sufficiently pled a plausible claim for common-law negligence against each of the defendants. Because A.T.H.'s attacker was known to be violent, it was foreseeable that he would attack another student, especially outside the view of adult supervision. Each of the defendants had a duty then to protect A.T.H. from that foreseeable attack or at least adequately respond once it began. Just one precaution that may have prevented the attack would have been to assign the violent student to a locker near the coaches' office where he would be observed and supervised. By failing to implement that precaution, the defendants breached their duty to protect A.T.H., and that breach actually and proximately caused A.T.H.'s injuries. Because inferences can be reasonably drawn from the facts pled in McIntosh's complaint to satisfy each element of McIntosh's common-law negligence claim, it satisfies Rule 8 and I therefore deny the motion to dismiss it.

### 2. Negligence per se is insufficiently pled.

McIntosh also seems to allege a negligence cause of action founded upon a negligence per se theory for which she alleges that the defendants had duties arising from the Nevada Administrative Code and Nevada statutes.[17] But her complaint lacks facts that allow me to draw

---

[15] *Sanchez ex rel. Sanchez v. Wal-Mart Stores, Inc.*, 221 P.3d 1276, 1280–81 (Nev. 2009); *see also Visnovits v. White Pine County School Dist.*, 2015 WL 1806299 at *4 (D. Nev. 2015) (applying the rule to a peer-on-peer attack at a middle school).

[16] *See Lee v. GNLV Corp.*, 22 P.3d 209, 212 (Nev. 2001) ("This court, however, has stated that where a special relationship exists between the parties, such as with an innkeeper-guest, *teacher-student* or employer-employee, an affirmative duty to aid others in peril is imposed by law." (emphasis added)).

[17] ECF No. 1 at 12, ¶ 26 ("Chapter 391 of the Nevada Administrative Code, Chapters 385, 388, 391, 432B of the Nevada Revised Statutes . . . impose a duty of reasonable professional judgment and reasonable care upon [the defendants] in carrying out their responsibilities pursuant to the aforementioned state statutes[.]").

an inference that will satisfy each element. Negligence per se is a theory of liability that helps a plaintiff satisfy the duty and breach elements of a negligence claim if the plaintiff can plead and prove: (1) the existence of a statute that supplies a duty; (2) a violation of that statute; (3) the plaintiff is of the class of people that the statute was designed to protect; and (4) the plaintiff suffered an injury of the type that the statute was designed to prevent.[18]

McIntosh refers broadly to five chapters of various Nevada statutes and administrative code in her complaint hoping that they satisfy the first element—they do not. McIntosh needs to specifically plead the precise statutes that "impose a duty of reasonable professional judgment and reasonable care upon [the defendants] in carrying out their responsibilities"[19] in order to plead a viable legal theory. The defendant is not required to guess. And without knowing the statute that supplies the basis for McIntosh's negligence per se theory, it is impossible for me to determine whether the other three elements of this claim are satisfied. I therefore dismiss this claim for failure to state it and give McIntosh leave to amend her complaint to cure this deficiency if she wants to proceed on a negligence per se theory.

### 3. *Coverdell Teacher Protection Act*

Defendants argue that "the District and its employees are immune from liability for negligence under the Paul D. Coverdell Teacher Protection Act of 2001[.]"[20] But the Coverdell Act only immunizes a teacher's acts or omissions if (in relevant part):

> (1) the teacher was acting within the scope of the teacher's employment or responsibilities to a school or governmental entity;
>
> (2) the actions of the teacher were carried out in conformity with Federal, State, and local laws (including rules and regulations) in furtherance of efforts to control, discipline, expel, or suspend a student or maintain order or control in the classroom or school;
>
> (3) if appropriate or required, the teacher was properly licensed,

---

[18] *See Anderson v. Baltrusaitis*, 944 P.2d 797, 799 (Nev. 1997) (quoting *Ashwood v. Clark County*, 930 P.2d 740, 744 (Nev. 1997)).

[19] ECF No. 1 at 12, ¶ 26.

[20] ECF No. 5 at 14.

> certified, or authorized by the appropriate authorities for the activities or practice involved in the State in which the harm occurred, where the activities were or practice was undertaken within the scope of the teacher's responsibilities;
>
> (4) the harm was not caused by willful or criminal misconduct, gross negligence, reckless misconduct, or a conscious, flagrant indifference to the rights or safety of the individual harmed by the teacher.[21]

McIntosh argues that the Coverdell Act is inapplicable because the defendants' actions (or omissions): (1) were not carried out in conformity with Federal, State, and local laws; (2) were not taken in an effort to maintain order and control; and (3) involved reckless misconduct and a conscious flagrant indifference to her son's safety. McIntosh has not pled which specific statutes were violated, so I cannot infer from her complaint that the defendants' acts and omissions were not carried out in conformity with Federal, State, and local laws. But I agree with the other two bases.

There is little authority on the Coverdell Act's application, and I am bound by none of it. So, I apply traditional rules of statutory interpretation. "The interpretation of a statutory provision must begin with the plain meaning of its language. Therefore, unless defined, words in a statute will be interpreted as taking their ordinary, contemporary, common meaning."[22] The plain meaning of the second element requires some affirmative decision—whether to act or omit to act—to maintain order and control in the school. I can reasonably infer from McIntosh's complaint that the defendants affirmatively acted by assigning the violent student a locker outside the view of the coaches' room, which would promote *dis*order given the student's history of violence. I can also infer that the defendants were simply unaware that A.T.H. was being attacked, so they could not have made an affirmative decision in an effort to maintain order and control. Either inference defeats the second element and, therefore, prevents immunity.

McIntosh's allegations also allow for a reasonable inference that defendants acted with reckless misconduct or a conscious, flagrant indifference to A.T.H.'s safety. Accepting all

---

[21] 20 U.S.C.A. § 7946(a) (2015).

[22] *U.S. v. Flores*, 729 F.3d 910, 914 (9th Cir. 2013) (internal citations and quotations omitted).

pleadings as true and construing them in the light most favorable to McIntosh, defendants knew that the attacker had a history of violence against students, and they still allowed him to change in the locker room outside the watchful eye of an adult. They knew he posed a risk, and they failed to take precautions to mitigate that risk.[23] The failure to take those precautions can constitute reckless misconduct or a conscious, flagrant indifference to A.T.H.'s safety. Accordingly, McIntosh's pleadings—and the facts that I must accept as true for purposes of this motion—sufficiently overcome the Coverdell Act's protection at this stage in the litigation.

**C.    Dismissal is granted on the § 1983 claim.**

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."[24] A municipality can be held liable under § 1983 if: (1) the plaintiff was deprived of a constitutional right; (2) the municipality had a policy; (3) the policy "amounts to deliberate indifference" to that constitutional right; and (4) the policy is the "moving force behind the constitutional violation."[25] "A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. There is no respondeat superior liability under section 1983."[26] Finally, suing a defendant in his official and/or personal capacity requires different pleadings:

> [T]o establish *personal* liability in a § 1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right. More is required in an official-capacity action, however, for a governmental entity is liable under § 1983 only when the entity itself is a 'moving force' behind the deprivation, thus, in an official-capacity suit the entity's 'policy or

---

[23] ECF No. 1 at 12, ¶ 27.

[24] *West v. Atkins*, 487 U.S. 42, 48 (1988).

[25] *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir. 1996) (citing *City of Canton v. Harris*, 489 U.S. 378 (1989)).

[26] *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

custom' must have played a part in the violation of federal law.[27]

The complaint does not identify which of A.T.H.'s specific constitutional rights were violated. Without that, I do not know how they were violated, how the defendants were involved in the violation, and whether the defendants are subject to qualified immunity. McIntosh's complaint does not provide a basis for suing the defendants in their official capacity, and it also lacks facts to support findings of municipal and supervisory liability. As pled, McIntosh's complaint merely repackages her negligence cause of action, affixes a Fourteenth Amendment stamp, and mails it off as a § 1983 claim. I return the claim to sender so that she may amend her complaint to cure these deficiencies by pleading true facts (and identifying a viable constitutional violation) that allow a reasonable inference that each element is satisfied.

**D.     Dismissal is granted on the vicarious liability claim.**

In her complaint, McIntosh lists "vicarious liability" as her second cause of action against CCSD only. Vicarious liability is not a cause of action; it is a theory applied to a negligence cause of action to hold an employer liable for its employees' negligence. So "vicarious liability" cannot stand as an independent claim for relief. Therefore, I dismiss McIntosh's second cause of action with prejudice, but she may amend her negligence claim to include a vicarious liability theory.

**E.     Leave to amend**

Rule 15(a)(2) of the Federal Rules of Civil Procedure directs that "[t]he court should freely give leave [to amend a complaint] when justice so requires."[28] The Ninth Circuit's amendment policy is generous; it requires a district court to grant leave to amend "even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts."[29]

---

[27] *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).

[28] Fed. R. Civ. P. 15(a).

[29] *Lacey v. Maricopa Cty.*, 693 F.3d 896, 926 (9th Cir. 2012) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

8

Because I am not yet convinced that McIntosh can plead no set of facts that would entitle her to relief on her negligence per se theory or § 1983 claim, I grant her leave to file an amended complaint to cure the deficiencies described in Sections B(2) and C of this order if she can plead truthful facts to do so; she may also amend her common-law negligence claim as described in section D of this order. If McIntosh chooses to file an amended complaint, she is cautioned that:

- An amended complaint supersedes the original complaint, so the amended complaint must be complete in itself.[30] This means that the amended complaint must contain all claims, defendants, and factual allegations that she wishes to pursue in this lawsuit, unless specifically dismissed with prejudice in this order.
- McIntosh must separate out her theories of negligence into separate causes of action, and she must include within each claim all of the facts that support each element of each theory.
- McIntosh **must file her amended complaint by September 27, 2017.**
- If McIntosh does not file an amended complaint or if she fails to file it by this court-ordered deadline, she may proceed only on her common-law negligence claim.

## Conclusion

Accordingly, IT IS HEREBY ORDERED that the Motion to Dismiss **[ECF No. 5] is GRANTED in part and DENIED in part**.

IT IS FURTHER ORDERED that McIntosh is granted **leave to file an amended complaint by September 27, 2017,** if she can cure the deficiencies described in this order.

DATED: September 11, 2017.

_____
Jennifer A. Dorsey
United States District Judge

---

[30] *See Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended complaint supersedes the original").